UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

IN RE: MAY 8, 2007 ORDER TO SHOW CAUSE
ISSUED IN <u>STATE OF FLORIDA v. SAMUEL
ALVARADO, et al.</u> No. 06-CF-010169
(13th JUDICIAL CIRCUIT, HILLSBOROUGH
COUNTY).

CASE NO: 8:07-cv-850-T-23MAP

_____/

**<u>ORDER</u>**

On September 26, 2006, <u>State of Florida v. Samuel Avarado, et al.</u>, No. 06-CF-010169, was filed in the Circuit Court for Hillsborough County. On March 30, 2007, the defendant Jorge Lugo subpoenaed FBI agents Daniel Wiezbicki and William Slavinski for documents and testimony (Doc. 3 at ¶ 3). On April 27, 2007, the Chief Division Counsel of the Tampa Division of the FBI wrote to the defendant Lugo's counsel to inform him of the proper procedure for the request of documents and testimony pursuant to 28 U.S.C. § 16.22 and <u>United States ex rel. Touhy v. Ragen</u>, 340 U.S. 462, 470 (1951) (Doc. 1 ¶ 5).[1] Lugo's counsel did not respond. After Wiezbicki and Slavinski failed to appear for deposition defense counsel moved to compel their testimony (Doc. 4, Ex. I). On May 8, 2007, state court judge Daniel H. Sleet ordered the FBI to produce documents and ordered the agents to "appear to give deposition in the instant case" (Doc. 4, Ex. A). On May 17, 2007, the government removed (Doc. 1) and moved to

---

[1] Section 16.22 contains the regulatory framework through which a party may request materials or testimony from an officer of the Department of Justice.

"vacate, discharge, and dismiss [the] order to show cause as filed May 8, 2007" (Doc. 3). The defendant Alvarado opposes the motion and seeks remand (Doc. 6).

The government removed pursuant to 28 U.S.C. § 1442(a)(1). "The longstanding purpose of this removal statute is 'to ensure a federal forum in any case where a federal official is entitled to raise a defense arising out of his official duties.'" Swett v. Schenk, 792 F.2d 1447, 1450 (9th Cir. 1986); citing Arizona v. Manypenny, 451 U.S. 232, 241 (1981). "[T]he right of removal is absolute for conduct performed under color of federal office and . . . the policy favoring removal 'should not be frustrated by a narrow, grudging interpretation of § 1442(a)(1).'" 451 U.S. at 1450; citing Willingham v. Morgan, 395 U.S. 402, 407 (1969). Section 1442(a)(1) provides "an independent jurisdictional basis [over] those actions commenced in state court that potentially expose a federal officer to civil liability or criminal penalty for an act performed under the color of office . . . ." State of Florida v. Cohen, 887 F.2d 1451, 1453-54 (11th Cir. 1989).

The agents were subpoenaed because of their official acts. The agents presently confront the choice of compliance with or violation of the state court's May 8, 2007, order. Removal is timely and proper. Bosaw v. Nat'l Treas. Emp. Union, 887 F. Supp. 1199, 1208 (S.D. Ind. 1995 ) ("to encourage or require federal officers to disobey a state court order before they can remove a dispute to federal court is not only overly formalistic, it is simply bad policy.").

"[B]ecause the United States and its agencies are immune from state court process unless sovereign immunity has been waived, a state court lacks jurisdiction to enforce a subpoena issued to a federal official." Dunne v. Hunt, 2006 WL 1371445 at

*4 (N.D. Ill. May 16, 2006).  Because the state court lacked jurisdiction to compel the production of documents and deposition testimony, the May 8, 2007, order to show cause is **VACATED**.  The Clerk is directed to (1) terminate any pending motion and (2) close the case.

ORDERED in Tampa, Florida, on September 6, 2007.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE